The Chancellor.
The complainant asks that the partnership existing between himself and the defendant may be dissolved by a decree of this court; that the defendant may be decreed to account, &c., and that a receiver or receivers may be appointed. The ground upon which the interference of the court is asked is, misconduct on the part of the defendant in managing the partnership business. The answer is a satisfactory denial of all the charges as to misconduct, and the explanations given show an attempt on the part of the complainant to embarrass the partnership, and to defraud the defendant. The impression made by the bill and answer is very unfavorable to the complainant.
But, on behalf of the complainant, it is insisted that he is entitled to the injunction, and to have a receiver, although the defendant may be chargeable with no misconduct.
The terms of the copartnership were in parol, and the period of its existence not limited. It was, of course, determinable at the will of either party. The complainant gave no notice of his wish to determine it, until he declared it by exhibiting his bill.
The broad ground taken is, that where such a copartnership exists, either party may at any time file his bill asking for a decree of dissolution; and that, being entitled to such a decree, the injunction and receiver follow of course.
The authorities relied upon are, Law v. Ford, 2 Paige 310; Martin v. Van Schaic, 4 Paige 479.
These cases are very briefly reported, and I do not think *65 can be relied upon to sustain tbe principle as broadly as it is contended for on bebalf of the complainant.
Where the copartnership is not determinable at will, and the court is resorted to for the purpose, then it follows that a receiver will be appointed of course. The reason is, that the misconduct, or breach of trust, or the necessity, whatever it may be, which justifies the court in decreeing a dissolution, establishes the propriety of appointing a receiver. But that, whenever a partnership is dissolved by mutual consent, or determined by the will of either partner, a Court of Chancery will, as of course, and without any reason, except that such is the wish of one of the parties interested, assume the control of the business, and place it in the hands of a mere stranger, appears to me a rule which, in its general application, would work great injustice, and which I am not willing to adopt. Many a solvent partnership would terminate in insolvency, if its affairs were suddenly committed to the hands of a stranger unacquainted with the intricacies of its business, the situation of its assets, and the character of its debtors. Why, of course should an honest and competent man, for no other reason than to gratify the whim, caprice, or ill-nature of another, with whom he had been connected in business, be suddenly deprived of the management of his affairs, and be subjected to the delay and expense of a protracted settlement in this court ?
In Wilson v. Greenwood, 1 Swanston 480, Lord Eldon says, “ When a partnership expires, whether by the death of the parties or by effluxion of time, without special provision as to the disposition of the property, in all these cases, to which I may add the bankruptcy of a partner, the partnership is considered, in one sense, as determined, but in a sense also as continued, that is continued till all the affairs are settled: and, as in the ordinary course of trade, if any of the partners seek to exclude another from taking that part in the concern which he is entitled to take the court will grant a receiver, so in the course of wind *66 ing up the affairs after the determination of the partnership, the court, if necessary, interposes on the same principle.” The Lord Chancellor does not state the appointment of receiver as a matter of course, but that the court will so interpose where there is a necessity for it.
Chancellor Kent (vol. 3,63, of his Commentaries), speaking of the consequences of dissolution, says, “ But until the purpose of finishing the prior concerns be accomplished, the partnership may be said to continue ; and if the object be in danger of being defeated by the unjustifiable acts or conduct of any of the partners a court of equity will interfere, and appoint a manager or receiver to conduct and settle the business.”
In Harding v. Glover, 18 Ves. 281, a motion was made for a receiver after a dissolution of partnership. The receiver was appointed on the ground of misconduct. But the Lord Chancellor said, “ I have frequently disavowed, as a principle of this court, that a receiver is to be appointed merely on the ground of a dissolution of partnership. There must be some breach of duty of a partner or of the contract of partnership.”
I had occasion to examine the authorities on this point in the case of Renton v. Chaplain and Carter (1 Stock. 62,) and the conclusion was, that the court ought not to assume the control of partnership affairs, unless some necessity for its doing so was made manifest. Upon the principles of that decision, the complainant is not entitled to the injunction and receiver, as prayed for.
The complainant is entitled to an account; the defendant is at liberty, at any time during the progress of the suit, to apply for a receiver, and the court will appoint a receiver whenever it shall appear that it is necessary to do so in order to protect the interest of the parties.